UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

TRACI MATUSCHEK, as Next Friend
for her minor child, ZB,

                Plaintiff,

v.

WARREN CONSOLIDATED SCHOOLS,

                Defendant.
_____/

Case No. 20-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
29829 Greenfield Rd., Suite 102
Southfield, MI 48076
(248)569-9270
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Traci Matuschek, as the Next Friend for her minor son, ZB, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Warren Consolidated Schools, and in support thereof states:

1. Plaintiff Traci Matuschek ("Matuschek" or "Plaintiff") is a resident of the City of Troy, Oakland County, Michigan.

2. Matuschek is the duly appointed Next Friend for her minor son, ZB.

1

3. Defendant Warren Consolidated Schools ("Warren" or "Defendant") is a political subdivision of the State of Michigan and a governmental entity established and authorized pursuant to the laws of the State of Michigan.

4. Jurisdiction is vested with this Court pursuant to 42 USC §1983, 20 USC §1681 and 28 USC §1331.

5. The events giving rise to this action occurred within the Eastern District of Michigan.

6. At all times pertinent hereto, Warren acted under the color of state law, meaning under color of the statutes, codes, ordinances, regulations, policies, customs and usages of the State of Michigan and/or Warren Consolidated Schools.

## GENERAL ALLEGATIONS

7. ZB is a student at Sterling Heights High School within the Warren school district.

8. Throughout his high school career, ZB has been subjected to severe and pervasive harassment based upon his sexual orientation and his sex, including, but not limited to:

    a. Being called "faggot" on many occasions;

    b. Being called "fag" on many occasions;

    c. Being asked whether he "looks at [the other football players'] dicks" when he is in the locker room;

    d. Being assaulted by other football players, resulting in a concussion with post-concussion syndrome;

    e. Being subjected to severe cyber-bullying, which included further slurs based upon sex and sexual orientation;

    f. Being subjected to cyber-bullying including threats of physical harm and requests for ZB to quit the football team;

    g. Being asked "do you get a 'boner' when you tackle us" by other football players;

    h. Being told during a game by another football player that he "can't believe that they allow 'faggots' on the sideline";

9. As a direct result of the severe harassment, ZB became socially withdrawn, became frightened of the school environment, suffered academically and fell into a deep depression.

10. ZB's emotional distress culminated in an unfortunate and frightening event in November 2019, when ZB made a suicide attempt in order to get away from the harassment.

11. Throughout the course of the harassment, Matushcek continually informed the administration at Sterling Heights High School about the harassment and the effect that it was having on ZB.

12. Defendant took no corrective action, or took minimal action.

13. None of the actions taken by Defendant were effective in stopping the harassment; despite the ineffectiveness of its responses, Defendant never changed its response to the harassment being suffered by ZB.

14. In fact, representatives of Defendant instead warned the offending students that they were being targeted by "certain people".

15. This obviously did not stop the harassment but instead emboldened the offenders.

16. Defendant, collectively and by its agents, have condoned the student-on-student sexual and physical harassment, displaying a propensity to downplay the acts, blame the victims, protect the offenders, inadequately investigate the incidents and minimize the severity of the harassment.

## COUNT I
## VIOLATION OF TITLE IX
## HARASSMENT BASED ON SEXUAL ORIENTATION

17. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

18. Defendant is an educational institution that is a recipient of federal funds and is therefore subject to Title IX of the Civil Rights Act of 1964 ("Title IX"), 20 USC §1681.

19. Plaintiff ZB was subjected to harassment based upon his sexual orientation; the harassment was severe, pervasive and objectively offensive.

20. Defendant had actual knowledge of the harassment being suffered by ZB.

21. Defendant acted with deliberate indifference to the sexual, physical and verbal harassment being suffered by ZB, in violation of his rights pursuant to Title IX to be free from discrimination.

22. As a direct and proximate result of this violation of this harassment and Defendant's deliberate indifference, ZB has been denied access to the educational opportunities or benefits provided by Defendant.

23. As a direct and proximate result of Defendant's violation of Title IX, Plaintiff ZB has suffered severe emotional distress, loss of educational opportunities and attorney fees.

## COUNT II
## VIOLATION OF TITLE IX
## HARASSMENT BASED ON SEX

24. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

25. Defendant is an educational institution that is a recipient of federal funds and is therefore subject to Title IX of the Civil Rights Act of 1964 ("Title IX"), 20 USC §1681.

26. Plaintiff ZB was subjected to harassment based upon his sex; the harassment was severe, pervasive and objectively offensive.

27. Defendant had actual knowledge of the harassment being suffered by ZB.

28. Defendant acted with deliberate indifference to the sexual, physical and verbal harassment being suffered by ZB, in violation of his rights pursuant to Title IX to be free from discrimination.

29. As a direct and proximate result of this violation of this harassment and Defendant's deliberate indifference, ZB has been denied access to the educational opportunities or benefits provided by Defendant.

30. As a direct and proximate result of Defendant's violation of Title IX, Plaintiff suffered damages as fully set forth in paragraph 23 of this Complaint.

## COUNT III
## VIOLATION OF 42 USC §1983
## FOURTEENTH AMENDMENT – EQUAL PROTECTION
## DISCRIMINATION BASED ON SEXUAL ORIENTATION

31. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

32. The Equal Protection Clause within the Fourteenth Amendment to the United States Constitution provides that "no State … shall deny to any person within its jurisdiction the equal protection of the laws".

33. Defendant was acting under the color of state law when it failed to take action to end the severe and pervasive harassment being suffered by ZB.

34. In failing to redress, or investigate the harassment described above, Defendant discriminated against ZB based upon his membership in a definable class, based upon his sexual orientation.

35. Defendant either acted intentionally or with deliberate indifference with regard to ZB's equal protection rights.

36. Defendant's deprivation of ZB's equal protection rights was the direct result of the Defendant's policy and/or custom.

37. Other persons, who were not members of ZB's definable class, were treated more favorably with regard to complaints regarding student-on-student harassment.

38. Defendant has no rational basis for treating members of ZB's definable class differently than other students who complain of student-on-student harassment.

39. As a direct and proximate result of Defendant's violation of 42 USC §1983, Plaintiff has suffered damages as fully set forth in paragraph 23 of this Complaint.

### COUNT IV
### VIOLATION OF 42 USC §1983
### FOURTEENTH AMENDMENT – EQUAL PROTECTION
### DISCRIMATION BASED ON GENDER

40. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

41. The Equal Protection Clause within the Fourteenth Amendment to the United States Constitution provides that "no State … shall deny to any person within its jurisdiction the equal protection of the laws".

42. Defendant was acting under the color of state law when it failed to take action to end the severe and pervasive harassment being suffered by ZB.

43. In failing to redress, or investigate the harassment described above, Defendant discriminated against ZB based upon his membership in a definable class, based upon his gender.

44. Defendant either acted intentionally or with deliberate indifference with regard to ZB's equal protection rights.

45. Defendant's deprivation of ZB's equal protection rights was the direct result of the Defendant's policy and/or custom.

46. Other persons, who were not members of ZB's definable class, were treated more favorably with regard to complaints regarding student-on-student harassment.

47. As a direct and proximate result of Defendant's violation of 42 USC §1983, Plaintiff has suffered damages as fully set forth in paragraph 23 of this Complaint.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

                                        STEMPIEN LAW, PLLC

                                        */s/ Eric Stempien*
                                        By: Eric Stempien (P58703)
                                        Attorney for Plaintiff

Dated: March 9, 2020